UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDWARD RONNY ARNOLD,<br><br>　　Plaintiff,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>　　Defendant. | Case No. 3:23-cv-01244<br><br>Judge Aleta A. Trauger<br>Magistrate Judge Alistair E. Newbern |

To:　　The Honorable Aleta A. Trauger, District Judge

**REPORT AND RECOMMENDATION**

　　This action arises out of a three-vehicle accident that took place in Davidson County, Tennessee, on October 23, 2019, and state court proceedings related to the accident. (Doc. No. 1.) Pro se Plaintiff Edward Ronny Arnold was injured in the accident and filed two lawsuits in state court against his own insurance carrier, Defendant Allstate Insurance Company (Allstate), to recover benefits under his insurance policy. (*Id.*) In this action, Arnold alleges that Allstate violated his federal civil rights in those state court proceedings. (*Id.*) Allstate has filed a motion to dismiss Arnold's complaint for failure to state claims on which relief can be granted (Doc. No. 9) and a motion to dismiss for failure to state a claim or, alternatively, for summary judgment (Doc. No. 13). Arnold opposes Allstate's motions, arguing that the first motion to dismiss is untimely, that he has adequately pleaded claims for relief, and that summary judgment is not warranted (Doc. Nos. 11, 12, 14). Allstate has not filed optional replies in support of its motions.

　　For the reasons that follow, the Magistrate Judge will recommend that the Court deny Allstate's motions on procedural grounds; however, because the Court lacks subject-matter

jurisdiction to adjudicate Arnold's claims, the Magistrate Judge will nevertheless recommend that the Court dismiss this action without prejudice.

I. Background

   A. Factual Background[1]

Arnold alleges that he "purchased a 2014 Honda Odyssey" on "July 25, 2014," and "contracted with . . . Allstate . . . to add the vehicle to an existing [insurance] policy[.]" (Doc. No. 1, PageID# 5.) Specifically, Arnold states that he "increased the minimum property damage coverage to: $100,000.00 for one injury or death, $300,000.00 for all injuries or deaths, $50,000.00 for property damage for one accident[,] and added uninsured motorist, underinsured motorist, and comprehensive [coverage]." (*Id.*)

Arnold states that, on "October 23, 2019, there occurred a three-vehicle accident at the intersection of Bass Street and Eighth Avenue South in Davidson County, Tennessee." (*Id.*) Arnold alleges that Deborah Malchow, "the owner / operator of" a "2011 Audi Q5[,]" "entered ongoing traffic and struck" Arnold's "2014 Honda Odyssey" "and then struck" a "2018 Toyota 4Runner . . . ." (*Id.* at PageID# 6.) "Each vehicle only contained one individual and all three vehicles were insured. All three vehicles were disabled . . . and towed from the scene." (*Id.*) Arnold states that he "was the only individual injured in the . . . accident" and that he "received personal injuries to his left and right hand." (*Id.* at PageID# 5, 6.)

Arnold filed an insurance claim with Allstate the same day "for personal injury, pain and suffering, [and] property damage." (*Id.* at PageID# 6.) He states that Allstate "refused to negotiate"

---

[1] The facts in this section are drawn from Arnold's complaint (Doc. No. 1) and from public records of the state court proceedings referenced in Arnold's complaint. *See Watermark Senior Living Ret. Cmtys., Inc. v. Morrison Mgmt. Specialists, Inc.*, 905 F.3d 421, 425–26 (6th Cir. 2018) (holding that courts may consider public records, "includ[ing] documents from other court proceedings[,]" "at the motion-to-dismiss stage").

with him "and claimed a policy of 'Take It or Leave It' to which [Arnold] was required to accept settlement offers below market value for property damage." (*Id.*) Arnold also filed claims with Progressive Direct Auto (Progressive) and Mountain Laurel Assurance Company (Mountain Laurel), which allegedly insured Malchow. (Doc. No. 1.)

Eventually, Arnold filed a civil action against Malchow, Progressive, and Mountain Laurel in the Davidson County Circuit Court. (*Id.*) He then filed a civil action against Allstate in the same court, and the court consolidated the two cases. (*Id.*); *see also Arnold v. Malchow*, Nos. 19C-3007, 20C-2199, 2021 WL 11960040, at *1 (Tenn. Cir. Ct. Aug. 11, 2021) (*Malchow I*). On "August 11, 2021," the Circuit Court "granted [Allstate] six [ ] protective orders preventing the deposition . . . of Allstate [ ] claim agents who had contact with" Arnold regarding his insurance claim. (Doc. No. 1, PageID# 6.) The Circuit Court's order granting Allstate's motion states:

> This matter came before this Court on August 6, 2021 relating to the Renewed Motion of [uninsured or underinsured motorist (UM)] Defendant Allstate Insurance Company for Protective Order, and this Court, having considered the Plaintiff's renewed motion, the statements of counsel for the parties, the statements of *Pro Se* Plaintiff, and the record in this cause, this Court finds that the motion for protective order should be granted, and as a basis for this finding states as follows:
>
> **CASE HISTORY AND BACKGROUND**
>
> Plaintiff commenced Case No. 19C-3007 as a[ ]*pro se* Plaintiff, naming Deborah Malchow, Progressive Direct Auto, and Mount[ain] Laurel Assurance Company as defendants. (CaseLink Item No. 1). A Motion to Dismiss For Failure to State a Claim (CaseLink Item No. 10) was filed on the basis that the Plaintiff is not entitled to assert a direct claim against the insurance carrier of an alleged tortfeasor, and following the hearing on January 17, 2020 an Order Granting Motion to Dismiss For Failure To State a Claim (CaseLink Item No. 26) was entered dismissing the claims against Progressive Direct Auto and Mount[ain] Laurel Assurance Company. A second order was entered relating to the hearing on January 17, 2020, and by that Order To Pursue Property Damage and Personal Injury as Uninsured Motorist (CaseLink Item No. 29), as the parties had represented to the Court that Defendant Malchow had not been served, the Plaintiff was ordered to pursue an uninsured motorist claim against the Plaintiff[']s insurance carrier, Allstate Insurance Company. The Plaintiff is apparently interpreting CaseLink Item No. 29 as the Court having ordered some action on the part of Allstate Insurance Company, however, no order could have been directed to Allstate Insurance Company as

> Allstate Insurance Company was not a party to Case No. 19C-3007. To the contrary, it was merely the intent of the Court to remind the *pro se* Plaintiff of his option to assert an uninsured/underinsured motorist claim against his own insurance carrier, represented to be Allstate Insurance Company.
>
> Plaintiff subsequently filed Docket No. 20C-2199 against his insurance carrier Allstate Insurance Company, and the two cases have been consolidated (CaseLink Item Nos. 76 and 79). By an Order Regarding UM Defendant Allstate Insurance Company's Motion for Protective Order and Plaintiff[']s Motion to Begin Discovery Phase (CaseLink 20C-2199 Item No. 47), the Court noted that Defendant Malchow had been determined to have insurance and was therefore not an uninsured motorist and the Court therefore stayed further proceedings relating to Docket No. 20C-2199 pending further development of proof relating to whether Defendant Malchow was an underinsured motorist relating to the subject accident.
>
> By an Order on Motion to Dismiss (CaseLink 20C-2199 Item No. 58), this Court dismissed the Plaintiff's claims of breach of insurance contract, contractual breach of implied covenant of good faith dealing and tortious breach of implied covenant of good faith and fair dealing. This Order was not a final order relating to Docket No. 20C-2199, since this Court had stayed proceedings regarding the underinsurance motorist claim pending the outcome of Docket No. 19C-3007 and a determination regarding whether Defendant Malchow was an underinsured motorist.
>
> **RENEWED MOTION FOR PROTECTIVE ORDER**
>
> Plaintiff has requested to take the deposition of certain employees of Allstate Insurance Company. As noted above, the breach of insurance contract claims have been dismissed, and proceedings relating to the Plaintiff[']s underinsur[ed] motorist claim against Allstate Insurance Company have been stayed. The Court was advised that the deposition of Steve Myers, the Allstate Insurance Company employee who performed the inspection, evaluation, and value estimate of the Plaintiff's vehicle, has already been taken. The Court finds that the remaining employees of Allstate Insurance Company that the Plaintiff seeks to depose have no relevant information on the issues to be tried in Docket No. 19C-3007, specifically, the Plaintiff's claim of negligent operation of a motor vehicle against Defendant Malchow. Regarding the areas of inquiry stated by the Plaintiff in his request to take depositions, none of the information sought is admissible, relevant and/or likely to lead to the discovery of admissible and/or relevant information. Therefore, the Court finds that the Renewed Motion of UM Defendant Allstate Insurance Company for Protective Order should be granted.

*Malchow I*, 2021 WL 11960040, at *1–2.

The Circuit Court subsequently granted Malchow's motion for summary judgment on Arnold's remaining claims against her and granted Allstate's motion to dismiss Arnold's uninsured

or underinsured motorist claims against it. (Doc. No. 1); *see also Arnold v. Malchow*, No. M2022-00907-COA-R3-CV, 2023 WL 5097179, at *3–4 (Tenn. Ct. App. Aug. 9, 2023) (*Malchow II*).

Arnold filed a second action against Allstate in Circuit Court on October 17, 2022. (Doc. No. 1); *see Arnold v. Allstate Ins. Co.*, No. M2023-00536-COA-R3-CV, 2024 WL 95577, at *4 (Tenn. Ct. App. Jan. 9, 2024) ("On October 17, 2022, . . . Mr. Arnold filed another action against Allstate. Though Mr. Arnold's second complaint against Allstate initiated a new lawsuit, it included substantially the same allegations as the first complaint."). Allstate moved to dismiss the second action under the doctrine of res judicata. The Circuit Court granted Allstate's motion, and Arnold appealed. (Doc. No. 1); *see Arnold v. Allstate Ins. Co.*, 2024 WL 95577, at *1, *4.

Tennessee Rule of Appellate Procedure 24 (Tennessee Appellate Rule 24) governs the content and preparation of the record on appeal by the parties and the clerk of the trial court. *See* Tenn. R. App. P. 24. After the Circuit Court Clerk transmitted the record on appeal to the Tennessee Court of Appeals in accordance with Tennessee Appellate Rule 24(a), Allstate filed a motion in the Circuit Court to correct or modify the record on appeal under Rule 24(e). (*See* Doc. No. 1); *see also* Motion of UM Defendant Allstate Insurance Co. for Correction or Modification of the Record on Appeal (Allstate's Motion to Correct or Modify the Record on Appeal), *Arnold v. Allstate Ins. Co.*, Docket No. 22C-2097 (Tenn. Cir. Ct. July 28, 2023), BL-131. In support of its motion, Allstate asserted that "[t]he record on appeal[,] as currently constituted, does not include [Allstate's] Motion to Dismiss or the documents filed in support thereof" and that "inclusion . . . of the motion and supporting documents[,] which the Trial Court granted by the Order on appeal, is necessary to convey a fair, accurate and complete account of what transpired in the Trial Court." Allstate's Motion to Correct or Modify the Record on Appeal at 2,3 ¶¶ 4, 7. Arnold opposed Allstate's motion, arguing that Allstate had not objected to Arnold's proposed version of the record

within the time period provided by Appellate Rule 24. Response to Defendant/Appellant's Motion to Include Records in Appeal, *Arnold v. Allstate Ins. Co.*, Docket No. 22C-2097 (Tenn. Cir. Ct. Aug. 1, 2023), BL-132. The Circuit Court granted Allstate's motion, finding "that including the requested documents as part of the record on appeal is necessary to convey a fair, accurate and complete account of what transpired in the trial court with respect to those issues that are the bases of appeal[.]" Order Granting Motion of UM Defendant Allstate Insurance Company for Correction or Modification of the Record on Appeal, *Arnold v. Allstate Ins. Co.*, Docket No. 22C-2097 (Tenn. Cir. Ct. Aug. 17, 2023), BL-138. Arnold appealed the Circuit Court's order, but the Tennessee Court of Appeals affirmed. Order, No. M2023-00536-COA-R3-CV (Tenn. Ct. App. Aug. 24, 2023). The Court of Appeals eventually dismissed Arnold's appeal, and the Tennessee Supreme Court denied his request for permission to appeal. (Doc. No. 1.)

### B. Procedural History

Arnold initiated this action on November 27, 2023, by filing a complaint against Allstate under 42 U.S.C. § 1983. (Doc. No. 1.) Arnold alleges that Allstate violated his federal and state civil rights by obtaining protective orders to prevent Arnold from deposing its employees in the state court proceedings and by improperly appending documents to the record on appeal, including a sworn declaration from one of the Allstate employees covered by the protective order. (*Id.*) Arnold's complaint seeks three forms of relief. (*Id.*) He asks that a "federal jury . . . overturn the six [ ] protective orders[,]" "remove the appended records from appeal[,]" and "award [Arnold] . . . $50,000.00 for each witness [Allstate] prevented from deposition." (*Id.* at PageID# 9.)

The Court referred this action to the Magistrate Judge to dispose or recommend disposition of any pretrial motions under 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. No. 7.)

Allstate appeared and filed a motion to dismiss Arnold's complaint on December 29, 2023. (Doc. No. 9.) Allstate argues that:

> The Complaint fails to state a claim based on the relief being sought. There is no basis for this Court to overturn protective orders entered by a State Court, to remove records from the State Court appellate record, or to award damages based on the State Court having prevented witnesses from being deposed. Therefore, the Complaint fails to state a claim upon which relief may be granted.
>
> Furthermore, the Complaint states that the Tennessee Court of Appeals has dismissed the appeal, and that the Tennessee Supreme Court has declined the Plaintiff's request for a Rule 11 appeal. Therefore, said judgment is now final and may not be reviewed by this Court.

(*Id.* at PageID# 70.) Allstate did not file a separate memorandum of law in support of its motion.

Arnold opposes Allstate's motion to dismiss, arguing that it is untimely. (Doc. No. 11.) Arnold states that he served Allstate with a summons on December 1, 2023, and argues that Allstate failed to answer or otherwise respond to his complaint within twenty-one days as required by "Rule 12 of the Federal Rules of Civil Procedure . . . ." (Doc. No. 11, PageID# 73.) Arnold also filed a supplemental response in opposition to Allstate's motion to dismiss, arguing "that he has alleged significant facts in the complaint to compel the court to review actions and inactions by the [ ] Circuit Court of Davidson County . . . to which the plaintiff's rights to due process were abridged . . . ." (Doc. No. 12, PageID# 85.)

Allstate did not file an optional reply in support of its motion to dismiss. Instead, on January 17, 2024, Allstate filed a second motion to dismiss or, in the alternative, for summary judgment. (Doc. No. 13.) Allstate argues that "the Complaint contains no allegation of any state action" as required to state a claim for relief under § 1983, that it therefore "fails to state a claim upon which relief may be granted[,]" and, "[c]onsequently, this lawsuit should be dismissed for lack of subject[-]matter jurisdiction." (*Id.* at PageID# 94.) Allstate further argues that Arnold filed "a prior suit asserting the same claims" against it in this Court and that "[t]he prior suit pending doctrine" and the doctrine of "res judicata" therefore "require[ ] dismissal of the Complaint." (*Id.* at PageID# 95.) Allstate attaches state court orders from Arnold's cases against it as exhibits to its

second motion. (Doc. Nos. 13-1–13-3.) Allstate also asserts that, "[t]o the extent [its] reference to other cases requires [its] motion to be treated as a summary judgment motion, an alternative request has been made for summary judgment." (Doc. No. 13, PageID# 95.) Allstate did not file a separate memorandum of law or a statement of undisputed material facts in support of its second motion to dismiss or, in the alternative, for summary judgment.

Arnold responded in opposition to Allstate's second motion, arguing that the state court decisions Allstate attached to the motion "are not applicable" to Arnold's prior action in this Court. (Doc. No. 14, PageID# 144.)

Allstate did not file an optional reply in support of its second motion.

**II.      Analysis**

   **A.     Allstate's Motions**

Allstate has not addressed Arnold's argument that it failed to file a timely response to his complaint. Arnold is correct that Federal Rule of Civil Procedure Rule 12(a) provides that "[a] defendant must serve an answer" "within 21 days after being served with the summons and complaint[.]" Fed. R. Civ. P. 12(a)(1)(A)(i). Rule 12(b) provides that a defendant may file a motion asserting certain defenses, including "failure to state a claim upon which relief can be granted" under Rule 12(b)(6) and "lack of subject-matter jurisdiction" under Rule 12(b)(1), and that "[a] motion asserting any of these defenses must be made before pleading . . . ." Fed. R. Civ. P. 12(b); *see also Mack v. Bessner*, 512 F. Supp. 3d 784, 791 (E.D. Mich. 2021) ("The Rules say that in response to a complaint, a defendant has 21 days to either 'serv[e] a responsive pleading' or file a motion 'under this rule,' i.e., Rule 12." (alteration in original) (quoting Fed. R. Civ. P. 12(a)(1), (a)(4), (b)). Allstate has not disputed Arnold's assertion that he served Allstate with a summons and a copy of his complaint on December 1, 2023, and Arnold filed a United States Postal Service (U.S.P.S.) "Domestic Return Receipt" and "Certified Mail® Receipt" showing that

8

U.S.P.S. delivered an item to an address for Allstate in Northbrook, Illinois, on December 1, 2023. (Doc. No. 6, PageID# 47, 48.) Federal Rule of Civil Procedure 6(d) provides that three days are added to a response time period when service is made by mail. Fed. R. Civ. P. 6(d). Allstate's response to Arnold's complaint was therefore due no later than December 26, 2023.[2] Allstate did not file and serve its first motion to dismiss until three days later on December 29, 2023. (Doc. No. 9.) Under Rule 6(b)(1)(B), "the court may, for good cause, extend the time" "on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Allstate has not moved for an extension or offered any explanation for its failure to respond to Arnold's complaint within the timeframe provided by the Federal Rules. The Court therefore finds that both of Allstate's motions are untimely.

Allstate's motions are also insufficient under this Court's Local Rules. Neither of Allstate's motions complies with Local Rule 7.01(a)(2), which requires that "every motion that may require the resolution of an issue of law must be accompanied by a separately filed memorandum of law citing supporting authorities and, where allegations of fact are relied upon, affidavits, depositions, or other exhibits in support thereof." M.D. Tenn. R. 7.01(a)(2) (motion and supporting memorandum). To the extent that Allstate's second motion seeks summary judgment in the alternative, its motion does not comply with Local Rule 56.01(b), which requires that "any motion for summary judgment made pursuant to Fed. R. Civ. P. 56 must be accompanied by a separate, concise statement of the material facts as to which the moving party contends there is no genuine

---

[2]  Under Rule 6(a)(1)(C), when "the last day of the period" is a "legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Because December 25, 2023, was a legal holiday, Allstate's deadline to respond to Arnold's complaint was December 26, 2023.

issue for trial" and provides specific formatting requirements for such statements. M.D. Tenn. R. 56.01(b) (statement of undisputed material facts). Allstate's motions should therefore be denied.

But the Court's inquiry does not end here. It is well established that "federal courts have a duty to consider their subject[-]matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."). The Court therefore must address its jurisdiction over Arnold's claims against Allstate.

### B. Whether This Court Has Subject-Matter Jurisdiction Over Arnold's Claims

Federal courts are courts of limited subject-matter jurisdiction and can adjudicate only those claims authorized by the Constitution or an act of Congress. *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553 (6th Cir. 2012). Article III of the Constitution extends the federal judicial power "to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States," and several other categories of cases not at issue here.[3] U.S. Const. art. III, § 2, cl. 1; *see also* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). Congress has also granted federal courts diversity jurisdiction over civil actions in which the parties are citizens of different states and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Whether the Court has subject-matter jurisdiction is a "threshold" question in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle

---

[3] For example, cases involving ambassadors, public ministers, and consuls and cases between two states or in which the United States is a party. U.S. Const. art. III, § 2, cl. 1.

that "'[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)). The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Id.* at 104.

Because Arnold's claims in this action arise out of state court proceedings, the Court must consider whether they implicate the *Rooker-Feldman* jurisdictional doctrine. The doctrine—drawn from *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983)—"generally provides that lower federal courts may not engage in appellate review of state-court decisions." *In re Isaacs*, 895 F.3d 904, 912 (6th Cir. 2018). It reflects Congress's choice to provide only the U.S. Supreme Court, and not lower federal courts, with jurisdiction to review state-court judgments. *Id.* (citing 28 U.S.C. § 1257). *Rooker-Feldman* is "a narrow doctrine, confined to 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *Id.* at 915 (quoting *Lance v. Dennis*, 546 U.S. 459, 464 (2006)). However, *Rooker-Feldman* "applies not only when a party attempts to expressly appeal a state court decision to a lower federal court, but also whenever the issues raised in the federal action implicate the validity of the state court proceedings." *Gentry v. Tenn. Bd. of Judicial Conduct*, No. 3:17-cv-00020, 2017 WL 6462348, at *4 (M.D. Tenn. Sept. 26, 2017) (citing *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2007)); *see also McCormick*, 451 F.3d at 395 ("[W]hen a plaintiff asserts before a federal district court that a state court judgment itself was unconstitutional or in violation of federal law . . . , the plaintiff seeks

appellate review of the state court judgment, and the federal district court has no subject matter jurisdiction over such an action.).

To determine whether *Rooker-Feldman* applies to a particular case, courts look to "the injury alleged in the plaintiff's federal complaint." *In re Isaacs*, 895 F.3d at 912. If the source of the plaintiff's injury is the state-court decision, then *Rooker-Feldman* prevents the district court from asserting jurisdiction. *Id.* If there is another source, "'then the plaintiff asserts an independent claim'" and *Rooker-Feldman* does not apply. *Id.* (quoting *Berry v. Schmitt*, 688 F.3d 290, 299 (6th Cir. 2012)). "The source of the plaintiff's injury may . . . be determined by examining the request for relief." *Id.* For example, a request to vacate a state-court judgment "clearly identifies the state-court judgment as the source of [the plaintiff's] injury" and is therefore barred by *Rooker-Feldman*. *Id.* at 912–13.

Here, Arnold asks the Court "to overturn the six [ ] protective orders" issued by the Circuit Court; "remove the appended records" with which the Circuit Court allowed Allstate to supplement the record on appeal; and award Arnold "$50,000.00 for each witness [Allstate] prevented from deposition" by obtaining protective orders from the Circuit Court. (Doc. No. 1, PageID# 9.) The first request clearly identifies the Circuit Court's order granting Allstate's renewed motion for a protective order as the source of Arnold's injury, and the second and third requests implicate the validity of the Circuit Court's orders granting a protective order and granting Allstate's motion to correct or modify the record on appeal. *See In re Isaacs*, 895 F.3d at 912–13; *McCormick*, 451 F.3d at 395. Although Arnold seeks monetary relief in this action, his claim for damages is "'inextricably intertwined with the state court decisions" because this Court would have to review the validity of the protective order to award damages. *Lawrence v. Welch*, 531 F.3d 364, 371 (6th Cir. 2008) (quoting *Loriz v. Connaughton*, 233 F. App'x 469, 475 (6th Cir. 2007)).

Arnold's claims against Allstate are therefore barred by *Rooker-Feldman*, and the Court should dismiss Arnold's complaint without prejudice for lack of subject-matter jurisdiction.

## III.     Recommendation

For these reasons, the Magistrate Judge RECOMMENDS that Allstate's motions (Doc. Nos. 9, 13) be DENIED and that this action be DISMISSED WITHOUT PREJUDICE for lack of subject-matter jurisdiction.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this Report and Recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004). A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 4th day of April, 2024.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge