# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

|  |  |  |
|---|---|---|
| **EDWARD RONNY ARNOLD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:23-cv-01244** |
| | ) | **Judge Aleta A. Trauger** |
| **ALLSTATE INSURANCE COMPANY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM

The Magistrate Judge issued a Report and Recommendation ("R&R") (Doc. No. 15) recommending that the defendant's pending Motion to Dismiss for Failure to State a Claim (Doc. No. 9) and Motion to Dismiss for Failure to State a Claim or Alternatively, for Summary Judgment (Doc. No. 13) be denied on procedural grounds but that the case nonetheless be dismissed for lack of subject matter jurisdiction, under the *Rooker-Feldman* doctrine. Plaintiff Edward Arnold has filed "Written Objections" (Doc. No. 16) and "Specific Objections" (Doc. No. 17) to the R&R,[1] in which he contends that his Complaint in this case (Doc. No. 1) does not implicate the *Rooker-Feldman* doctrine. Defendant Allstate Insurance Company ("Allstate"), having been directed to do so by the court, has filed a Response to the Objections (Doc. No. 19), in which it maintains that the case should be dismissed. As set forth herein, the court will reject the recommendation that the case be dismissed without prejudice for lack of subject matter jurisdiction. However, because the Complaint clearly fails to state a claim for which relief may be granted under 42 U.S.C. § 1983,

---

[1] Based on the page numbers the plaintiff placed on these documents, it appears that he intended to them to make up a single document. However, they were filed and docketed as two separate documents.

the court will grant the defendant's second Motion to Dismiss and will dismiss this case with prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The R&R sets forth a comprehensive and detailed account of the factual background, which the court incorporates herein in its entirety. (Doc. No. 15, at 2–6.) The court will set forth here only a summary of the facts necessary for understanding this ruling.

Arnold, acting *pro se*, filed suit in this court against Allstate on November 27, 2023. (Doc. No. 1.) His claims relate to a three-vehicle accident that took place in October 2019, during which the plaintiff, then insured by Allstate, sustained personal injuries and property damages.[2] He attempted to obtain coverage for his injuries from Allstate. As set forth in the Complaint and made clear by two exhibits attached to the Complaint, Arnold's state court lawsuit against Allstate was dismissed; that dismissal was affirmed by the Tennessee Court of Appeals; and the Tennessee Supreme Court denied Arnold's application for permission to appeal. (*See* Doc. No. 1-1 (Rule 11 Application for Leave to Appeal and Order denying same).)

Allstate is the named defendant in the present lawsuit, and the plaintiff seeks monetary relief from Allstate, asserting a claim under 42 U.S.C. § 1983 against Allstate based on Allstate's alleged violation of the plaintiff's constitutional rights. The Complaint is confusing, but the plaintiff appears to be claiming that Allstate violated his constitutional rights by breaching the parties' contract of insurance and by not allowing the plaintiff access to documents and witnesses in the underlying litigation to which he should have been entitled as a policyholder making an insurance claim . (*See* Doc. No. 1, at 3 ("The Defendant, Allstate Insurance Company, violated

---

[2] The plaintiff has now filed two other lawsuits in this court concerning the same incident. *See Arnold v. Malchow*, No. 3:23-cv-1374, Complaint (M.D. Tenn. Dec. 27, 2023); *Arnold v. Allstate Ins. Co.*, No. 3:24-cv-00720, Complaint (M.D. Tenn. June 12, 2024).

U.S. Const. amend. XIV, § 1 in that the Defendant/Appellee was granted a motion to include documents/affidavits that were not available to the Plaintiff/Appellant in appeal *Edward Ronny Arnold v. Allstate Insurance Company* M2023-00536-COA-R3-CV.").) The plaintiff does not expressly appeal the dismissal of his state court lawsuit, but his claims for relief appear to spring from six protective orders entered by the Second Circuit Court for Davidson County, Tennessee, which, the plaintiff claims, "prejudice[ed] [his] appeal" of the underlying state court action, "*Edward Ronny Arnold v. Allstate Insurance Company* M2023-00536-COA-R3-CV." (*Id.* at 9.) In the section of the form Complaint filed in this court for articulating the relief sought, the plaintiff specifically requests that a "federal jury . . . overturn the six (6) protective orders." (*Id.*) He also disputes the defendant's supplementation of the record on appeal, thus indirectly challenging the state court's order granting Allstate's motion to include additional documents in the record on appeal that the plaintiff contends were "not admissible" in light of one of those protective orders. (*Id.*) He asks that a "federal jury remove the appended records from *Edward Ronny Arnold v. Allstate Insurance Company* M2023-00536-COA-R3-CV." (*Id.*) The plaintiff also asks "a federal jury to award the amount of $50,000.00 for each witness the Defendant prevented from deposition." (*Id.*)

In response to the Complaint, Allstate filed a Motion to Dismiss (Doc. No. 9) outside the twenty-one days allotted by Federal Rule of Civil Procedure 12 for filing such a motion, and it was not supported by a memorandum of law, as required by this court's Local Rule 7.01(a)(2). After the plaintiff filed a response opposing the first motion, Allstate filed its Motion to Dismiss for Failure to State a Claim or Alternatively, for Summary Judgment (Doc. No. 13), in which it raises a number of additional arguments, including that the Complaint fails to state a colorable claim under 42 U.S.C. § 1983 because it does not allege "any state action." (Doc. No. 13, at 2.) Allstate

also argues that the case should be dismissed based on *res judicata*, and it attached to its motion copies of the Tennessee Court of Appeals Order affirming the dismissal of the plaintiff's underlying lawsuit and the Tennessee Supreme Court's denial of the plaintiff's application for permission to appeal. (*See id.* & Doc. Nos. 13-2, 13-3.) Although the defendant's second motion incorporated a "Statement of Undisputed Facts" (Doc. No. 13, at 1), it was not accompanied by a separate memorandum of law, as required by Local Rule 7.01(a)(2), or a "separate, concise" statement of undisputed material facts formatted as required by Local Rule 56.01(b). The plaintiff filed a "Response to Defendant's Attachments" (Doc. No. 14), arguing that he had filed a petition for rehearing in the Tennessee Court of Appeals (*see* Doc. No. 14-1), but he did not respond to the defendant's argument that his Complaint fails to allege state action.

The R&R recommends that the defendant's motions be denied as untimely and procedurally insufficient. (Doc. No. 15, at 9–10.) In addition, however, the R&R notes that the court has an independent obligation to determine whether subject matter jurisdiction exists even if no party raises the issue, and it recommends that this case be dismissed for lack of subject matter jurisdiction under the *Rooker-Feldman* doctrine. (*Id.* at 13.)

Arnold challenges that recommendation, asserting in his Written Objections, that the Magistrate Judge erred in applying *Rooker-Feldman* to his claims and misunderstood the harm asserted in his Complaint. He contends that the harm he seeks to vindicate occurred *before* the state trial court granted Allstate's motion for six protective orders on August 11, 2021 and that the trial court's order *per se* did not create the harm. Rather, the state court's order granting Allstate's motion "prevents the harm from being adjudicated." (Doc. No. 16, at 2.) In the "Specific Objections" apparently filed in support of his "Written Objections," Arnold explains further that

> The issue before the Eighth Circuit Court for Davidson County, Tennessee was the Defendant violated TCA § 29-39-104(B) in that the defendant denied the policy

holder access to their own records regarding the investigation, documentation, conclusion of Allstate Insurance Company Policy Number: 030671568 claim number: 056532023 . . . . Specifically, the defendant refused to allow Allstate Insurance Company employees to participate in a scheduled deposition by notice of deposition [including] the deposition of Allstate Insurance Company employee Justin Howell on the date of August 6, 2021 . . . . [O]n the date of August 2, 2022, the defendant . . . refused to allow Mr. Howell to participate in the deposition by notice of deposition. In this action, the policy holder/policy claimant was denied access to a witness or potential witness and the discovery of the documentation of Allstate Insurance Company policy number: 030671568 claim number: 056532023 . . . .

(Doc. No. 17, at 7–8.) In other words, Arnold insists that *Allstate*, rather than a court order, is the source of his injury, because Allstate refused to allow its employee to be deposed. He maintains that Allstate's actions violated Tennessee Rule of Evidence 507 and Tennessee Rules of Civil Procedure 26.03 and 30.01, as well as Tenn. Code Ann. § 29-39-104(B). The plaintiff also argues that Allstate's motions for protective orders did not satisfy the requirements for relief under the referenced rules and statute. (Doc. No. 17, at 9–12.) In other words, he maintains that he seeks relief based on defendant Allstate's conduct. (*See id.* at 15 ("In this case, the lower court's order did not cause the injury but prevents the injury from being adjudicated.").)

## II.   DISCUSSION

As the Sixth Circuit has explained:

Federal courts' jurisdiction "is confined within such limits as Congress sees fit to prescribe. One such limit is hidden in 28 U.S.C. § 1257's positive statement that "[f]inal judgments or decrees rendered by the highest court of a State . . . may be reviewed by the Supreme Court." If the Supreme Court can review "final judgments" from state courts of last resort, then lower federal courts can't. That negative inference is called the *Rooker-Feldman* doctrine.

*RLR Invs., LLC v. City of Pigeon Forge*, 4 F.4th 380, 385 (6th Cir. 2021) (citing *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923); *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); other citations and internal quotation marks omitted) (alterations in original). In other words, district courts lack jurisdiction to exercise appellate jurisdiction over state court judgments. *Id.* The Sixth Circuit has

also recognized that it is not often easy to tell when a litigant is attempting to appeal a state court judgment and has cautioned that district courts should not apply *Rooker-Feldman* as a "panacea" to any case in which "state court decisions and federal court decisions potentially or actually overlap." *McCormick v. Braverman*, 451 F.3d 382, 395 (6th Cir. 2006); *see also VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 405 (6th Cir. 2020) (Sutton, J., concurring) (noting that the doctrine became famous for "caus[ing] . . . mischief, creating needless complications, distracting litigants and courts . . . , and helping no one"); *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1139 (9th Cir. 2004) ("*Rooker–Feldman* prohibits a federal district court from exercising subject matter jurisdiction over a suit that is a *de facto* appeal from a state court judgment. . . . Determining what constitutes a forbidden *de facto* appeal, however, has sometimes proven difficult for the lower courts.").

What is clear is that *Rooker-Feldman* "has a limited scope" and does not, for example, bar "a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 293 (2005). It applies only to the "narrow" set of "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* at 284. To determine whether it applies, the court must consider whether the "source of the plaintiff's injury is the state-court judgment itself." *VanderKodde*, 951 F.3d at 402. If so, it does, but, "[i]f there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.* (quoting *Lawrence v. Welch*, 531 F.3d 364, 368–69 (6th Cir. 2008)). Thus, "[a] court cannot determine the source of the injury without reference to [the plaintiff's] request for relief." *Id.* (citation omitted). Moreover, "*Rooker-Feldman* applies only

when a state court renders a *judgment*—when the court investigates, declares, and enforces liabilities based on application of law to fact." *Id.* (emphasis in original; internal quotation marks and citations omitted). In other words, *Rooker-Feldman* is distinct from the question of preclusion. "If a federal plaintiff present[s] some independent claim, albeit one that denies a legal conclusion that a state court has reached in a case to which he was a party . . . , then there is jurisdiction and state law determines whether the defendant prevails under principles of preclusion."[3] *Exxon Mobil Corp.*, 544 U.S. at 293.

In the present case, the plaintiff presents an independent claim—a § 1983 claim against Allstate Insurance Company for violating his constitutional rights. This claim "denies a legal conclusion that a state court" reached in the plaintiff's underlying litigation against Allstate—namely the orders of protection and the order expanding the appellate record—but the plaintiff blames these orders on *Allstate*'s actions. And while he asks the court to set aside the orders of protection, he also asks for money damages arising from Allstate's alleged violation of his constitutional rights. The court finds, in short, that this case does not present a claim over which the court entirely lacks subject-matter jurisdiction under *Rooker-Feldman*.

Moreover, although there are many other doctrines that would likely apply here, including the law of preclusion, it is abundantly clear that the Complaint fails to state a claim for which relief may be granted under § 1983. This statute provides a cause of action against "[e]very person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State*" deprives someone of a federal constitutional or statutory right. 42 U.S.C. § 1983 (emphasis added). "As its text makes clear, this provision protects against acts attributable to a State, not those of a private

---

[3] "Preclusion, of course, is not a jurisdictional matter." *Exxon Mobil Corp.*, 544 U.S. at 293 (citing Fed. Rule Civ. Proc. 8(c) as listing *res judicata* as an affirmative defense).

person." *Lindke v. Freed*, 601 U.S. 187, 194–95 (2024). As the Supreme Court has further explained, "[t]his limit tracks that of the Fourteenth Amendment, which obligates *States* to honor the constitutional rights that § 1983 protects." *Id.* (citing U.S. Const. amend. XIV § 1); *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 929 (1982) ("[T]he statutory requirement of action 'under color of state law' and the 'state action' requirement of the Fourteenth Amendment are identical").

Allstate is a private party, not a government agency. The acts of a private party may be deemed state action only if the "conduct causing the deprivation of a federal right may be fairly attributable to the state." *Revis v. Meldrum*, 489 F.3d 273, 289 (6th Cir. 2007) (quoting *Lugar*, 457 U.S. at 937). This determination involves a two-part inquiry. "'First, the deprivation in question must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the state or by a person for whom the State is responsible.'" *Id.* (quoting *Lugar*, 457 U.S. at 937). And second, "'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (quoting *Lugar*, 457 U.S. at 937). The plaintiff bears the burden of pleading facts that would establish that the defendant was a "state actor." *See Nugent v. Spectrum Juvenile Justice Servs.*, 72 F.4th 135, 140 (6th Cir. 2023).

The plaintiff in this case has not alleged facts that would suggest that Allstate was a state actor, either as the plaintiff's insurer or as a litigant in state court, under any of the three "tests" articulated by the Sixth Circuit for determining whether a private party may be treated as a state actor. He has not alleged that Allstate exercised powers that are "traditionally exclusively reserved to the state," for purposes of the "public function" test. *Id.* (citations omitted). He does not allege that the state exercised coercive power of any kind over Allstate, for purposes of the "state compulsion" test. *S.H.A.R.K. v. Metro Parks Serving Summit Cty.*, 499 F.3d 553, 565 (6th Cir.

2007) (citation omitted). Nor does he allege that there is any type of "close nexus" or "pervasive entwinement" between Allstate and the state that would warrant considering Allstate's acts to be those of the state. *Id.* (citations omitted).

Thus, the plaintiff has not alleged that Allstate is a state actor, for purposes of stating a claim against it under 42 U.S.C. § 1983. As noted above, this is one of several bases for Allstate's Motion to Dismiss for Failure to State a Claim or Alternatively, for Summary Judgment (Doc. No. 13). As the Magistrate Judge correctly found, that motion was filed well outside the time for filing a Rule 12(b)(6) motion to dismiss, and, considered as a motion for summary judgment, it did not comply with this court's Local Rules 7.01(a)(2) and 56.01(b) requiring that it be accompanied by a separate memorandum of law and a separate statement of undisputed material facts. The court nonetheless finds that the plaintiff was not prejudiced by these failures. The plaintiff filed a Response to the defendant's motion (Doc. No. 14), in which he did not contest it as untimely or procedurally insufficient, and he made no effort to articulate a basis for bringing a § 1983 claim against a private actor. Accordingly, in the interests of preserving judicial resources and the expeditious administration of justice, the court will exercise its discretion to grant the defendant's Motion to Dismiss for Failure to State a Claim or Alternatively, for Summary Judgment (Doc. No. 13).

## III.  CONCLUSION

For the reasons set forth herein, the court will reject the R&R's recommendations that the case be dismissed for lack of subject matter jurisdiction and that the defendant's Motion to Dismiss for Failure to State a Claim or Alternatively, for Summary Judgment (Doc. No. 13) be denied. The court will instead grant that motion and dismiss this case with prejudice.

An appropriate Order is filed herewith.

_____
ALETA A. TRAUGER
United States District Judge